UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

RC RECREATION DEVELOPMENT, LLC

                           Plaintiff,

          -against-                               Civil Action No. 7:22-cv-07216 (VB/JD)

THE TOWN OF YORKTOWN, N.Y.; MATTHEW J.
SLATER, Individually and in his Official Capacity
as Supervisor of the Town of Yorktown, N.Y.;
SERGIO ESPOSITO, Individually and in his Official
Capacity as a member of the Town Board of the Town of
Yorktown, N.Y; and JOHN H. LANDI, Individually and
in his Official Capacity as Building Inspector for the
Town of Yorktown, N.Y.

                           Defendants.
_____


**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION FOR REMAND**


                                      YOUNG/SOMMER, LLC
                                      Attorneys for Plaintiff
                                      *RC Recreation Development, LLC*
                                      Five Palisades Drive, Suite 300
                                      Albany, NY 12205
                                      (518) 438-9907

William A. Hurst
  Of Counsel
October 7, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT .........................................................................................1

REPLY ARGUMENT ..........................................................................................................2

    A.  Standard of Review................................................................................................2

    B.  Remand of Plaintiff's State Law Claims is Both Necessary and Appropriate ............4

        (1) Predominance.................................................................................................5

        (2) Novelty or Complexity ..................................................................................7

CONCLUSION......................................................................................................................8

## TABLE OF AUTHORITIES

Federal Cases

*Ashwander v. TVA*,
   297 U.S. 288 (1936) ............................................................................................................. 4

*Borough of W. Mifflin v. Lancaster*,
   45 F.3d 780 (3d Cir. 1995) ................................................................................................... 5

*City of New Rochelle v. Town of Mamaroneck*,
   111 F. Supp. 2d 353 (S.D.N.Y. 2000) ................................................................................... 5

*Fed. Ins. Co. v. Tyco Int'l Ltd.*,
   422 F. Supp. 2d 357 (S.D.N.Y. 2006) ................................................................................... 2

*Hickerson v. City of N.Y.*,
   932 F. Supp. 550 (S.D.N.Y. 1996) ........................................................................................ 4

*Nelson v. City of Rochester*,
   492 F. Supp. 2d 282 (W.D.N.Y. 2007) ............................................................................. 1, 6

*Riano v. Town of Schroeppel*,
   No. 5:13-cv-352 (MAD/TWD),
   2013 U.S. Dist. LEXIS 149848 (N.D.N.Y. Oct. 18, 2013) .............................................. 5, 6, 8

*Seabrook v. Jacobson*,
   153 F.3d 70 (2d Cir. 1998) ................................................................................................... 6

*Sherman v. Town of Chester*,
   No. 01 Civ. 8884 (SAS), 2001 U.S. Dist. LEXIS 18832 (S.D.N.Y. Nov. 15, 2001) ....... 1, 6, 7

Federal Statutes

28 U.S.C. § 1367 ............................................................................................................... *passim*

28 U.S.C. § 1441 .................................................................................................................. 4, 8

28 U.S.C. § 1983 ...................................................................................................................... 6

28 U.S.C. § 1985 ...................................................................................................................... 6

28 U.S.C. § 1988 ...................................................................................................................... 6

Other

U.S. Const. Art. III ................................................................................................................... 4

## PRELIMINARY STATEMENT

For the reasons that follow, and for those set forth in RC Recreation's initial moving brief, this Court should reject defendants' mechanistic and crabbed application of supplemental jurisdiction doctrine and exercise its ample discretion under 28 U.S.C. § 1367(c)(1) or (2) to allow New York State courts to adjudicate those parts of this dispute arising under New York law.

First, that plaintiffs federal and state law claims rely on the same set of facts -- the criterion upon which defendants heavily rely -- is neither in dispute nor dispositive; indeed, it is a common occurrence in cases addressing governmental administration of land use policies, and for that reasons generally has not in and of itself presented any impediment to district courts remanding state law claims in appropriate cases.[1]

Second, that issues of state law predominate over those of federal law for purposes of applying 28 U.S.C. § 1367(c)(2) cannot seriously be disputed in this instance. The underlying case centers on the myriad ways in which the Town of Yorktown (i) breached the Concession Agreement (as amended), including, but not limited to, by anticipatory repudiation; (ii) impermissibly repudiated the Second Amendment (that its attorneys and agents had negotiated , drafted, and forwarded for exeecution); and, (iii) advanced, including to the point of filing an accusatory instrument and seeking to impose criminal liability, meritless alleged administrative violations of various state building codes through the vehicle of a facially invalid stop work order. All these issues will be decided under New York State law. All these issues implicate the state contract rules applied to local governments functioning in their proprietary capacity. None require the demonstration of a constitutionally-protected property interest as a pre-requisite to liability. They may rely on the same set of facts, but one set of claims clearly predominates over the other.

---

[1] *See*, *e.g.*, *Sherman v. Town of Chester*, 01 Civ. 8884 (SAS), 2001 U.S. Dist. LEXIS 18832 (S.D.N.Y. 2001); *Nelson v. City of Rochester*, 492 F. Supp. 2d 282 (W.D.N.Y. 2007).

Third, defendants have not proven that the state law issues raised here are not novel or complex enough to warrant remand under 28 U.S.C. § 1367(c)(1). As the complaint alleges, the parties enjoyed a cordial but businesslike relationship from inception of the Concession Agreement in 2014 (with its initial, 14-year term), through various trials and tribulations, including the death of a principal and the COVID-19 pandemic, and the Town's negotiation and presentation of a fully-formed written Second Amendment (which defendants appear to rely on state law to repudiate), until government officials became frustrated with their inability to terminate the Concession Agreement based solely on the amount of time the development was taking, and, given that inability, instead pressed baseless and pretextual code violations so as to trigger the Concession Agreement's "material breach" provisions, *i.e.*, the consequence of which is that, if proven, the Town can potentially avoid reimbursing RC Recreation for its now approximately eight-million dollar, unamortized investment. When the complaint is viewed in this light, as it must be, the case presents predominate, and fairly remarkable, issues of state law best decided by a state court justice.

## REPLY ARGUMENT

### A.  Standard of Review.

As a general matter, "[w[hen considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Fed. Ins. Co. v. Tyco Int'l Ltd*., 422 F.Supp. 2d 357, 391 (S.D.N.Y. 2006). For purposes of the instant motion to remand, that means: (i) the applicable Concession Agreement (as amended) contains no set time for performance, *i.e.*, no deadline by which the subject golf course was required to be completed (although defendants continue to belabor the opposite point [Defts. Br. [Dkt. 19] at 8]; (ii) the Town of Yorktown, after implementing several other pretexts

intended to enhance its reach over and impose an end-date on the project, sought to terminate the Concession Agreement on that basis; (iii) to buttress its attempt at early termination, the Town of Yorktown manufactured baseless and pretextual alleged building code and other bogus "violations," set those forth in a one-line, vague stop work order issued without notice, then declared those phantom violations to constitute a "material breach" of the Concession Agreement, in order that the Town may thus avoid the Concession Agreement's reimbursement/repayment requirements, which are in this case exorbitant (again, although defendants continue to belabor the opposite, contrary to applicable review standards);[2] (iv) the Town of Yorktown filed criminal charges, apparently later dropped, ostensibly based on the above alleged violations; (v) that the Town of Yorktown disparaged its contractual counterparty, and went so far as to solicit RC Recreation's replacement during the contract term; (vi) that the Town of Yorktown negotiated, drafted, then proffered to RC Recreation with intent to be bound a fully-formed "Second Amendment" setting forth all the material terms of that agreement, but then prematurely repudiated that agreement (which again, remarkably, defendants contend is invalid, even though that question must wait); and (vii) that all the foregoing was done with personal animus to advance defendant Slater's ultimate goal of replacing RC Recreation with a concessionaire of his personal choice.

      The above allegations constitute well-pleaded, highly plausible facts, which this Court must accept as true in its consideration of plaintiff's motion to remand. Defendants have made no effort to demonstrate otherwise. Consequently, their quibbling with those facts at this procedural hour misses the mark entirely.

---

[2] By way of non-exclusive example, the Town has declared that the expiration of the golf courses' "Commercial Addition Permit" (Permit No. 20160081) constitutes a material breach of the Concession Agreement. As the Court can readily discern, however, that permit was applied for by and issued to "Town of Yorktown Parkland" (the property owner) by virtue of a Town Board resolution dated "5/19/2009." So, the Town's failure to renew that permit cannot possibly be construed as a material breach by RC Recreation, which neither applied for nor ever held that permit. The complaint is replete with allegations to the effect that the alleged violations were manufactured, pretextual, and otherwise nonactionable as a matter of law pursuant to the NYS building and related codes cited therein.

B.     **Remand of Plaintiff's State Law Claims is Both Necessary and Appropriate.**

Plaintiff does not now, nor has it ever, disputed that removal is facially proper under 28 U.S.C. § 1441(c). The complaint obviously pleads several causes of action under the United States Constitution. That much is not in dispute. Defendants should have saved the effort of arguing that point.

Nor has RC Recreation contested the applicability here of 28 U.S.C. § 1367(a), with its requirement that the state law claims sought be adjudicated in federal court "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. But that does not end the inquiry.

If the Court concludes that the "same case or controversy" requirement is satisfied (as it should here), it must then decide whether to exercise supplemental jurisdiction based upon the factors contained in 28 U.S.C. § 1367(c). As pertinent here, those factors are "(1) whether the state claims raise novel or complex issues of state law; [and] (2) whether the state claims substantially predominate over the federal claims." 28 U.S.C § 1367(c)(1),(2). Both factors are implicated and point towards remand. Additionally,

> In deciding the instant motion, the Court is guided by certain fundamental principles regarding federal court jurisdiction. "Federal courts are [ ] obligated [ ] to avoid deciding a federal constitutional question unless decision is 'absolutely necessary to a decision of the case.'" *Hickerson v. City of New York*, 932 F. Supp. 550, 554 (S.D.N.Y. 1996) (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 297, 56 S. Ct. 466, 80 L. Ed. 688 (Brandeis, J. concurring)). That is, "a case should be decided first on state law grounds in order to eliminate the need to decide a federal constitutional question." *Id.* (citing *Siler v. Louisville & Nashville R.R.*, 213 U.S. 175, 193, 29 S. Ct. 451, 53 L. Ed. 753 (1909)). As the Second Circuit has held: "Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts." *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998).

*Riano v. Town of Schroeppel*, 5:13-cv-352 (MAD/TWD), 2013 U.S. Dist. LEXIS 149848, at *25-26 (N.D.N.Y. Oct. 18, 2013).

**(1) Predominance**.

It is appropriate to decline to exercise supplemental jurisdiction where the federal claims constitute "an appendage" to the state law claims which form the "real body of the case," and where litigating the case in the district court "can accurately be described as allowing a federal tail to wag what is in substance a state dog." *See City of New Rochelle v. Town of Mamaroneck,* 111 F. Supp. 2d 353, 371 (S.D.N.Y. 2000). In assessing whether state law claims substantially predominate, courts consider "whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *OccuNomix Intern. LLC v. North Ocean Ventures, Inc*., No. 03 Civ. 6047(GEL), 2003 U.S. Dist. LEXIS 17085, at *1 (S.D.N.Y. Sept. 30, 2003) (*quoting Diven v. Amalgamated Transit Union Int'l & Local 689*, 309 U.S. App. D.C. 23, 38 F.3d 598, 601 (D.C. Cir. 1994)).

Under this "substantial predominance" test, state law claims can predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). The "substantial predominance" test is thus not nearly as wooden and mechanistic as plaintiffs here would have it. The determination requires an interest-sensitive analysis rather than the "numerical count" of state and federal claims advanced by defendants here. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995). It is about the exercise of judicial discretion – not bean-counting or tallying up causes of action.

Without question here, and with the possible exception of plaintiff's First Amendment retaliation claim (which plaintiff does not seek to remand), "the State law claim[s] in the instant

matter present[] the core issue[s] that must be resolved before any court can reach the federal claim[s]." *Riano v. Town of Schroeppel*, 5:13-cv-352 (MAD/TWD), 2013 U.S. Dist. LEXIS 149848, at * 29 (Oct. 18, 2013). *Accord Sherman v. Town of Chester*, 01 Civ 8884 (SAS), 2001 U.S. Dist. LEXIS 18832, at *14-15 (remand of state claims was proper, since they raised complex, unsettled, and important questions of state law that would better be addressed by state courts, but denying motion to remand federal claims, and staying federal claims pending resolution of state claims). Courts routinely decline to exercise supplemental jurisdiction over claims that a municipality has overreached in some respect, particularly related to land use issues. *See generally Sherman*, *supra*. The Second Circuit has specifically held that where a supplemental state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of comity and federalism may dictate that these questions be left for decision by the state courts. *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998). That holding applies here.

The district court's decision in *Nelson v. City of Rochester*, 492 F. Supp. 2d 282 (W.D.N.Y. 2007) is on point. In *Nelson*, the complaint asserted thirteen causes of action, including § 1983 claims alleging violations of plaintiffs' Fourth Amendment and equal protection rights, a § 1983 claim for abuse of process, a civil rights conspiracy claim under § 1985, and a claim for attorney's fees under § 1988. *Id*. at 285. Plaintiffs also alleged analogous claims under the New York State Constitution, as well as claims alleging violations of the New York Criminal Procedure Law and common law. Plaintiffs requested declaratory and injunctive relief, as well as compensatory damages. *Id*.

In other words, the complaint at issue in *Nelson* sounded in many of the same claims being advanced by plaintiff here:

> A central issue in this case, plaintiffs assert, is whether New York law authorizes so-called "administrative" search warrants, *i.e.,* warrants to search for the purpose of determining compliance with property code requirements. According to plaintiffs, the City has enacted a local law to permit such warrants, but plaintiffs contend that in the absence of a delegation of authority from the state, the City is not empowered to enact such a law. Plaintiffs also allege that even if administrative search warrants are permissible, they must comply with the requirements of the Criminal Procedure Law, and that the warrant at issue in this case did not (*e.g.,* the warrant application did not allege that contraband would be found on the property). Plaintiffs also contend that there is another issue of state law concerning whether NET officers have authority to seek or execute search warrants.

*Id*. at 285-86. District Judge Larimer thus properly severed the state law (including, as here, abuse of process) claims, remanded those claims to state court, and stayed litigation of the federal claims pending resolution of the state law claims. *Id*. at 289. The same result should pertain here.

**(2) Novelty or Complexity**.

Defendants have not done anything to prove that plaintiffs' state law claims are not "novel" or "complex" enough to warrant declining supplemental jurisdiction.[3] This is undoubtedly an unusual and complicated case, the law on which is unclear. For example, plaintiff's due process (procedural and substantive) and Fourth Amendment claims require analysis and resolution of a local government's rights under New York State law and under the prevailing contract, which is to be interpreted as a matter of New York law. *See Sherman*, *supra*. Further, defendants cite no precedent whatsoever establishing the jurisprudential status of some of the contract issues raised: (i) whether a local government acting its proprietary capacity is liable for anticipatory repudiation when it issues an RFP seeking to replace a contractual counter-party nearly a decade before expiration of the contract term; (ii) whether a local government breaches the covenant of good faith and fair dealing inherent in all contracts when it attempts to terminate a license agreement for failure to perform timely, when the license agreement contains no date for such performance; (iii)

---

[3] Indeed, defendants seem to center their arguments on novelty, which they appear to interpret as being limited to matters of first impression but ignore the disjunctive option of showing complexity.

7

whether some or all of the cited building code and other allegedly violated regulations even apply to this phase of construction (*i.e.*, can exposed wires at a building under construction be deemed a violation), or to structures that are not yet occupied (such as the clubhouse here). To be entirely clear, these issues are not at all settled under New York law and the complaint (which must be accepted as true), alleges that the administrative enforcement orders are based upon trumped up, transparently pretextual charges, which again raises issues of state law and regulation.

As a matter of reason and logic, all the above issues of state law must be resolved favorably to plaintiff before the court will entertain any federal damages claim based on the same or related conduct. The *Riano* case is again instructive:

> The State law claim in the instant matter presents the core issue that must be resolved before any court can reach the federal claim. If it is found that Local Law No. 1 was not adopted or applied in contravention of controlling State law, such a ruling will significantly narrow the scope of the issues to be decided on the federal claim. If, on the other hand, it is found that the Town violated State law, resolution of the federal claim will be largely focused on the issue of damages. In either event, this case presents a state dog with a federal tail.

*Riano*, 2013 U.S. Dist. LEXIS 149848, at *29. The same concerns pertain here and should compel the same outcome as in *Riano*.

The holdings in *City of New Rochelle*, *Sherman*, *Nelson,* and *Riano* should control here, and compel entry of an Order granting remand of the complaints' state law causes of action and staying further proceedings in this Court pending adjudication of those claims by NYS Supreme Court, Westchester County.

## CONCLUSION

For all the foregoing reasons, and for those set forth in RC Recreation's initial moving brief, plaintiff respectfully requests an Order of this Court pursuant to 28 U.S.C. §§ 1441(c)(2), severing and remanding to NYS Supreme Court, Westchester County, the complaint's first through

sixth causes of action, and entering a stay of proceedings in this Court as to the balance of plaintiff's claims.

DATED:	October 7, 2022

Respectfully submitted,

YOUNG / SOMMER, LLC

_____
William A. Hurst
Bar Roll No. WH0788
