```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RC RECREATION DEVELOPMENT, LLC,       :
                Plaintiff,            :
v.                                    :   MEMORANDUM OPINION
                                      :   AND ORDER
THE TOWN OF YORKTOWN, N.Y.,           :
MATTHEW J. SLATER, SERGIO ESPOSITO,   :   22 CV 7216 (VB)
and JOHN H. LANDI,                    :
                Defendants.           :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff commenced this action in Supreme Court, Westchester County, against the Town of Yorktown (the "Town") and three Town officials, alleging defendants took steps intended to impede plaintiff's completion of a golf course renovation project on Town-owned property. Plaintiff claims defendants thereby breached a licensing agreement between plaintiff and the Town and violated various of plaintiff's federal constitutional rights. Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441(a).

Now pending is plaintiff's motion to remand the case, in whole or in part, to state court based on a forum selection clause in the parties' contract and also pursuant to 28 U.S.C. §§ 1367(c). (Doc. #10).

For the reasons set forth below, the motion is DENIED.

## BACKGROUND

According to the complaint, in 2014, plaintiff and the Town entered into an agreement whereby plaintiff was to renovate a dilapidated nine-hole golf course on Town property and thereafter to operate the golf course. The parties entered into at least one amendment extending the term of plaintiff's operating license, although plaintiff contends they entered into a second

1

amendment as well. Plaintiff claims the project was delayed by circumstances beyond its control (including the COVID-19 pandemic) but that by mid-2022 it had partially constructed the golf course and related facilities.

Plaintiff further alleges that after defendant Matthew J. Slater took office as Town Supervisor in 2020, defendants engaged in a series of actions designed to prevent plaintiff from completing and operating the golf course, with the intention of handing it over to one of Slater's "political cronies"—such as unreasonably complaining the project had taken too long to complete, demanding that plaintiff release all claims and offsets it had against the Town, issuing a request for proposals to replace plaintiff as the golf course developer, improperly repudiating the alleged second amendment to the licensing agreement, conducting a surprise code enforcement inspection of the property, issuing an arbitrary and deficient "stop work" order, "raiding" the property after plaintiff protested the stop work order, and threatening criminal prosecution of plaintiff and its employees. These allegations form the basis of multiple claims brought pursuant to state law, principally for breach of the licensing agreement and related state law tort claims, as well as for claims brought pursuant to 42 U.S.C. § 1983, including First Amendment retaliation, denial of procedural and substantive due process, and unreasonable search and seizure.

Plaintiff concedes the case was properly removed because this Court has original jurisdiction over the federal claims, as well as supplemental jurisdiction over the state law claims in that the latter are "so related" to the federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, plaintiff contends that pursuant to a forum selection clause in the licensing agreement, the parties agreed to resolve in a New York state court any dispute arising under the agreement, such that the entire case must be remanded.

Alternatively, plaintiff contends this Court should decline to exercise supplemental jurisdiction over the state law claims, because those claims raise "novel or complex issues of state law" and "substantially predominate[]" over the federal claims, 28 U.S.C. § 1367(c)(1), (2), and then sever and remand those claims to state court.  Plaintiff further requests that the Court stay all proceedings relating to the remaining federal claims after remanding the state law claims.

## DISCUSSION

I.   Forum Selection

Defendants argue the licensing agreement's forum selection clause does not confer jurisdiction exclusively in state court, and thus does not compel remand.

The Court agrees.

The agreement contains the following unambiguous language:  "Westchester County, New York, shall be the venue for any disputes arising under this License." (Doc. #1-1 at ECF 56).[1]  It does not say an action can be brought only in a state court, nor does it preclude a federal forum.  It also does not point to any specific state court forum.  And it says nothing about barring the removal to federal court of a case filed in state court.  Moreover, this Court is located in White Plains, New York, which is in Westchester County.  Under these circumstances, the forum selection clause does not bar proceeding in this Court.  See Carl Zeiss Microscopy, LLC v. Vashaw Scientific, Inc., 2020 WL 85195, at *5 (S.D.N.Y. Jan 2, 2020); accord, Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009).

---

[1]   "ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

3

II.     Supplemental Jurisdiction

Although it concedes the state law claims in the complaint are "so related" to the federal claims "that they form part of the same case or controversy," see 28 U.S.C. § 1367(a), plaintiff requests, as an alternative to its forum selection clause argument, that the Court decline to exercise supplemental jurisdiction over the state law claims and remand them to state court. Defendant counters that the Court should not decline to exercise supplemental jurisdiction.

The Court agrees with defendants.

Section 1367 provides, in pertinent part: "The district courts may decline to exercise supplemental jurisdiction over a claim under [Section 1367(a)] if . . . the claim raises a novel or complex issue of State law [or] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(1), (2).

Here, based on a fair reading of the complaint, the state law claims do not raise novel or complex issues of state law, and do not substantially predominate over the related federal claims. Indeed, plaintiff acknowledges that "[t]his case is, at bottom, one for breach of contract, for review of local government administrative action, and for abuse of process, and malicious prosecution, all arising out of the contractual relationship between a local government and a concessionaire. And because . . . the degree of animus and abusive conduct is so severe, the facts supporting the above causes of action also support a damages action under [42 U.S.C.] § 1983." (Doc. #12, at 14) (emphasis added). In other words, all of plaintiff's claims—state and federal—rely on the same operative facts.

Moreover, this case is, as plaintiff correctly points out, principally a breach of contract case. And, although the outcome is certainly important to both sides, the case presents a garden variety alleged breach of contract—what did the parties agree to and did either one (or both) take

4

action that violated the terms of that agreement.  There is nothing particularly novel or complex about the breach of contract claims, or the related tort claims.

In addition, given the interrelatedness of the state and federal claims, the state law claims do not predominate—substantially or otherwise—over the federal claims.  Plaintiff argues the state law claims "must be resolved" before the Court can reach the federal law claims.  (Doc. #20, at 6, 8).  The Court is not persuaded.  As noted above, and as conceded by plaintiff, the state and federal claims are all based on the same set of facts.  And unlike in the non-precedential district court decision cited by plaintiff, Riano v. Town of Schroeppel, 2013 WL 5702263 (N.D.N.Y. Oct. 18, 2013), this is not a case in which some novel or technical issue of state law must be resolved before the Court can meaningfully consider the federal claims.  In Riano, the threshold issue was whether a local law adopted by a town contravened an existing state law, such that the local law was invalid.  Id. at *10.  No such situation exists here.  There is nothing unusual or especially complicated about this case, and the relevant state laws are certainly not unclear.  Interpreting the rights of parties to contracts, including parties that are municipalities, and determining whether state law torts have been committed, is part and parcel of the routine business of this Court.

Finally, severance and remand of the state law claims would contravene the values of judicial economy and convenience.  See Itar-Tass Russian News Agency v. Russian Kurrier, Inc., 140 F.3d 442, 446 (2d Cir. 1998).  It would require the duplicative litigation of clearly related claims in two different venues.  And that would be true even if the federal claims were stayed pending the adjudication of the state law claims, because eventually the federal claims would have to adjudicated as well.  Also, this Court is not inclined to stay a case on its docket for months or years awaiting the resolution of a state court action.

## CONCLUSION

The motion to remand is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #10).

Dated:  January 3, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge