UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RC RECREATION DEVELOPMENT, LLC, :
                Plaintiff, :
v. :
                                              **ORDER**
THE TOWN OF YORKTOWN, N.Y., :
MATTHEW J. SLATER, SERGIO ESPOSITO, :   22 CV 7216 (VB)
and JOHN H. LANDI, :
                Defendants. :
--------------------------------------------------------------x

      On September 23, 2022, defendants moved to dismiss the complaint in part. (Doc. #13). Specifically, defendants seek to dismiss the third and sixth causes of action for, respectively, anticipatory repudiation of the "second amendment" to the parties' licensing agreement (third), and malicious prosecution (sixth), both of which are state law claims; as well the seventh through tenth causes of action, all of which allege violations of plaintiff's federal constitutional rights. Defendants do not move to dismiss the first, second, fourth, and fifth causes of action, all of which are state law claims for, respectively, arbitrary and capricious municipal action (first), breach of the licensing agreement (second), a declaration that plaintiff did not breach the licensing agreement (fourth), and abuse of process (fifth).

      On September 27, 2022, the Court stayed further briefing on the motion to dismiss pending the Court's resolution of plaintiff's motion to remand the case to state court. (Doc. #18).

      By Memorandum Opinion and Order dated January 3, 2023, the Court denied the motion to remand (Doc. #21), which means the partial motion to dismiss must now be addressed.

      However, before setting a schedule for further briefing, the Court makes the following observations: First, if plaintiff truly wants to litigate this case in state court, it may do so by voluntarily withdrawing its federal claims, in which case the Court would have to deny the pending motion to dismiss without prejudice and remand the case to state court because it would no longer have supplemental jurisdiction over the state law claims. Second, if the Court were to grant defendants' motion to dismiss plaintiff's federal claims, it would likewise have to remand the remaining state law claims to state court, including the two state law claims that defendants have moved to dismiss. See 28 U.S.C. § 1367(c)(3).

      In the interest of efficient case management, and to discuss next steps in this case, the Court directs all counsel to appear for a case management conference in Courtroom 620 at the White Plains courthouse on **February 2, 2023, at 12:00 p.m.** If, prior to that conference, plaintiff decides to voluntarily withdraw its federal claims, it shall so advise the Court in writing, in which case the Court will deny the pending motion to dismiss without prejudice and remand the case to state court (and cancel the conference). The stay of further briefing with respect to

the motion to dismiss shall remain in effect pending the conference.

Dated: January 3, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge